1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY HOLLOMAN,

11             Plaintiff,                    No. CIV S-09-1400 EFB

12        vs.

13   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
14
               Defendant.                    ORDER
15   _____ /

16          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

17   ("Commissioner") denying his application for supplemental security income and disability

18   insurance benefits under Titles II and XVI of the Social Security Act.  For the reasons discussed

19   below, the court will remand the case for further proceedings consistent with this opinion.

20   I.  BACKGROUND

21          Plaintiff filed an application for benefits on September 7, 2005.  Administrative Record

22   ("AR") 25.  His application was denied initially and upon reconsideration.  *Id.* at 27-31.

23   A hearing was held on September 11, 2007 before Administrative Law Judge ("ALJ") Mark C.

24   Ramsey; plaintiff was represented by attorney Randall Padgett.  *Id.* at 12.  In a decision dated

25   ////

26   ////

December 18, 2007, the ALJ determined plaintiff was not disabled.[1]  *Id.*

The ALJ made the following specific findings:

> 1.  The claimant has not engaged in substantial gainful activity after August 24, 2002.
>
> 2.  The medical evidence establishes that the claimant has degenerative joint and cardiac disease, but he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 3.  The claimant's subjective complaints are not consistent with the evidence of record and not fully credible.
>
> 4.  The claimant has the residual functional capacity for lifting 10 pounds.  The claimant can stand and walk for 2 hours, and sit for at least 6 hours, in an 8 hour day.
>
> 5.  The claimant cannot perform his past relevant work.  The claimant is 46 years of age and has a 12th grade education.
>
> 6.  Rule 201.28, Appendix 1, Subpart P, Regulations No. 4, directs that the claimant is not disabled, as there are a significant number of jobs that he can perform.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.*  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq.*  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Bowen*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

1        7.  The claimant was not under a "disability" as defined in the
      Social Security Act, at any time through the date of this decision
2        (20 CFR 404.1520(e) and 416.920(e)).

3  *Id.* at 17-18.

4        Plaintiff requested that the Appeals Council review the ALJ's decision.  However, on

5  March 21, 2009, the Appeals Council denied review, leaving the ALJ's decision as the final

6  decision of the Commissioner of Social Security.  *Id.* at 2-4.

7        Plaintiff contends that the ALJ erred in: 1) failing to fully and fairly develop the record

8  by failing to include all of the medical evidence in the record and by failing to discuss and rule

9  on plaintiff's motion to reopen his 2003 application; 2) failing to properly credit plaintiff's

10  testimony regarding his pain and functional limitations; and 3) utilizing the tables referred to as

11  the Grids despite the presence of extensive nonexertional limitations and without the expertise of

12  a vocational expert.  Dckt. No. 20 at 2.

13  II.  <u>LEGAL STANDARDS</u>

14        The Commissioner's decision that a claimant is not disabled will be upheld if the

15  findings of fact are supported by substantial evidence in the record and the proper legal standards

16  were applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

17  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

18  180 F.3d 1094, 1097 (9th Cir. 1999).

19        The findings of the Commissioner as to any fact, if supported by substantial evidence,

20  are conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

21  more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521

22  (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to

23  support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

24  *Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

25        "The ALJ is responsible for determining credibility, resolving conflicts in medical

26  testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

1 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

2 interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

3 *Thomas v. Barnhart*, 278  F.3d 947, 954 (9th Cir. 2002).

4 III.  <u>ANALYSIS</u>

5    Plaintiff argues that the ALJ erred in failing to fully and fairly develop the record by

6 not including all of the medical evidence in the record and not ruling on plaintiff's motion to

7 reopen his previous application for benefits.

8    An ALJ has a special duty to fully and fairly develop the record in a Social Security

9 benefits case.  An ALJ is not "a mere umpire" in disability proceedings.  *Higbee v. Sullivan*, 975

10 F.2d 558, 561 (9th Cir. 1992).  Rather, the ALJ has "a special duty to fully and fairly develop the

11 record and to assure that the claimant's interests are considered."  *Brown v. Heckler*, 713 F.2d

12 441, 443 (9th Cir. 1983).  The ALJ's duty to supplement a claimant's record is triggered by

13 ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance

14 on an expert's conclusion that the evidence is ambiguous.  *See Tonapetyan v. Halter*, 242 F.3d

15 1144, 1150 (9th Cir. 2001); *Widmark v. Barnhart*, 454 F.3d 1063, (9th Cir. 2006).  *See also* 20

16 C.F.R. § 404.1545(a)(3) (stating "before we make a determination that you are not disabled, we

17 are responsible for developing your complete medical history, including arranging for a

18 consultative examination(s) if necessary, and making every reasonable effort to help you get

19 medical reports from your own medical sources").

20    In this case, the ALJ was made aware that medical records documenting plaintiff's

21 mental impairment existed, but failed to obtain those records or even acknowledge their

22 existence in his opinion.  Instead, the ALJ wrote that there was a "lack of any significant

23 objective medical evidence" of a mental impairment.  The ALJ's opinion states:

24     The record also reflects that the claimant alleged disability in part,
because of mental impairment.  Nonetheless, the record does not

25     show that the claimant is undergoing any type of dedicated mental
health treatment for his complaints.  Therefore, to fully delineate

26     the claimant's mental status, he underwent consultative psychiatric

evaluation in November 2005 . . . .

In order to evaluate a mental impairment, Social Security Administrative regulations . . . require certain elements be evaluated . . . .  The first element to be assessed is how the claimant's emotional disorder impacts upon activities of daily living.  The record shows that the claimant is able to take care of all personal needs, and is independent in all areas of daily activity . . . . Therefore, the Administrative Law Judge rates the degree of impairment in this area is none.

The second [] element to be considered is difficulty in maintaining social functioning . . . no examining source has noted any significant impairment in this area . . . .  Accordingly, the Administrative Law Judge rates the degree of impairment in this area as none.

The third area to evaluate is deficiencies of concentration, persistence, and pace.  Psychological testing has not reflected any significant limitation in the area, and no examiner has suggested any related important limitation.  In fact, the only comprehensive psychiatric examination of record suggests that the claimant is able to perform the mental demands of work without difficulty. . . . Therefore, the Administrative Law Judge finds that the claimant does not experience any deficiencies in memory, concentration, or persistence.

. . .

Therefore, given the lack of any significant objective medical evidence, the Administrative Law Judge finds that the claimant does not have a mental impairment, or impairments, which significantly limits his ability to perform basic work-related activities; therefore, claimant does not have a severe mental impairment . . . .

AR 14-15.

The ALJ's opinion does not mention that plaintiff sought to have medical records documenting his mental impairments included in the record.  At the hearing, plaintiff's attorney told the ALJ that plaintiff had previously applied for benefits but had withdrawn his request for a hearing because the medical evidence was not sufficiently developed.  AR 581.  Plaintiff's attorney asked that the former claim be reopened and that the file be included in this proceeding.  *Id.*  He stated that he would make a copy of the medical file from the earlier application and would submit it to the ALJ.  *Id.* at 582.  Apparently plaintiff's attorney failed to do so, as the

1   documents are not contained in the record.

2          However, plaintiff's hearing brief contains information from the medical records.  AR

3   55-56.  The brief states that a Dr. Moghaddas examined plaintiff in 2003 and diagnosed him with

4   recurrent depressive disorder.  Moghaddas opined that plaintiff's GAF was 45 and that he was

5   mildly limited in his ability to work.  Dr. Gottschalk, a non-examining state agency physician,

6   prepared a report on plaintiff in 2003, finding that he suffered from depression NOS in partial

7   remission and a personality disorder NOS, with mild restriction in activities of daily living, mild

8   to moderate difficulties in maintaining social functioning, and mild difficulties in maintaining

9   concentration, persistence or pace.  Gottschalk concluded that plaintiff was between not

10  significantly limited and moderately limited in his ability to interact with the general public, his

11  ability to accept instructions and respond appropriately to criticism from supervisors, his ability

12  to get along with coworkers, and his ability to set realistic goals.  On the reconsideration level,

13  Dr. Mateus found that plaintiff suffered from depression NOS, with mild restriction in this

14  activities of daily living, moderate difficulties in maintaining social functioning, and moderate

15  difficulties maintaining concentration, persistence or pace.  Mateus concluded that plaintiff was

16  moderately limited in his ability to understand, remember and carry out detailed instructions, his

17  ability to complete a normal workday without interruptions from psychologically based

18  symptoms and to perform at a consistent pace, his ability to interact with the general public, and

19  his ability to respond appropriately to changes in the work setting.

20         The record plainly depicts an issue as to what work limitations, if any, plaintiff has as a

21  result of his diagnosed recurrent depressive disorder.  Plaintiff sought to introduce medical

22  evidence bearing on this issue, but his attorney--contrary to his representations at the hearing--

23  failed to provide the ALJ with a copy of the medical file the ALJ proceeded to issue a decision

24  without that evidence.  While it is true that it is the plaintiff's burden to prove his disability,

25  plaintiff's attorney's shortcomings do not excuse the ALJ from his duties.  The ALJ's duty to

26  conduct an appropriate inquiry was triggered by the discrepancies between the medical records

that he relied upon and the medical records detailed in plaintiff's brief.  *See Tonapetyan*, 242

F.3d at 1150 (an ALJ's duty to supplement a claimant's record is triggered by ambiguous

evidence).  Defendant, citing dicta in *Tonapetyan* listing examples of ways an ALJ might

develop a record, argues that the ALJ fulfilled his duty by keeping the record open after the

hearing to allow supplementation of the record.  But the ALJ's opinion is silent on this.  It does

not state that he kept the record open after the hearing.  Rather, the opinion simply makes no

mention of the previous case or the missing medical records.  The ALJ does not explain why the

medical records described in plaintiff's brief are not in the record.  Nor does he describe any

efforts he made to develop the record for to follow up with plaintiff's attorney on the matter.

The ALJ's opinion fails to rule on or even mention plaintiff's motion to reopen his previous

claim.

These omissions are only highlighted by the ALJ's specific findings that there was

little evidence supporting plaintiff's claim of mental impairment.  The ALJ found that "no

examining source has noted any significant impairment" in social functioning, "no examiner has

suggested any related important limitation" in concentration, persistence, and pace, and that

overall, there was a "lack of any significant objective medical evidence" of a mental impairment.

AR at 14-15.

As the ALJ failed to develop the factual record, the case must be remanded.  In light of

this remand, the court does not reach the remainder of plaintiff's arguments.

IV.  <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment or remand is granted.

2.  The Commissioner's cross-motion for summary judgment is denied.

3.  The case is remanded for further proceedings pursuant to sentence four of 42 U.S.C.

§ 405(g).

////

4.  The Clerk is directed to enter judgment for plaintiff.

DATED:  September 13, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8